IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO FLEMMING,

    **Plaintiff,**

    v.                                                                                CASE NO. 20-3321-SAC

CORECIVIC, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is detained at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas ("CoreCivic"). On February 5, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff until February 26, 2021, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 7).

Plaintiff alleges in his Complaint that on December 26, 2020, he gave a sick call to Officer Covington to give to the nurse. Officer Covington gave the sick call to Nurse Rosa. The sick call stated that Plaintiff was out of Alvesco, Xopenex Inhalers, was having major issues breathing, and needed his oxygen levels checked. Plaintiff alleges that Nurse Rosa read the sick call and then handed it to another inmate for him to read, and the inmate read it out loud in front of two or three other inmates. (Doc. 1–1, at 2.) The inmate then balled up the sick call and threw it at another inmate. Plaintiff then asked the inmate what the nurse had said, and he said that she told him she was going to call to get a breathing treatment for Plaintiff. Another nurse brought Plaintiff his Xopenex/Alvesco inhalers. (Doc. 1–1, at 1.)

Plaintiff claims that Nurse Rosa violated his rights under HIPAA.  Plaintiff names Nurse Rosa and CoreCivic as defendants and seeks compensatory and punitive damages.

The Court found in the MOSC that Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law.  *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law).   Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

The Court also found that the United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights.  *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons).  Plaintiff's remedy against CoreCivic and its employees, if any, is an action in state court for negligence or other misconduct.  *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability); *Lindsey*, 557 F. Supp. 2d at 1225 (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights.); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim).

The Court also found in the MOSC that to the extent Plaintiff claims that Nurse Rosa violated the Health Insurance Portability and Accountability Act ("HIPAA"), such a claim is not cognizable in this civil rights case.  *See Keltner v. Bartz*, No. 13-3022-SAC, 2013 WL 761157, at *4 (D. Kan. Feb. 27, 2013) (stating that "all courts to consider the matter have held that HIPAA does not create a private right of action") (citations omitted).  This Court has held that there is no private right of action for a person to recover damages for a HIPAA violation and that § 1983 may not be used to remedy a HIPAA violation. *Ward v. Kearny County Hospital*, 2019 WL 2073938 *2 (D. Kan. May 10, 2019).  In other words, a governmental agency must enforce penalties for HIPAA violations.  *Adams v. CCA*, 2011 WL 2909877 *5 (D. Idaho 7/18/2011); *Agee v. U.S.*, 72 Fed. Cl. 284, 289-90 (Fed. Ct. Cl. 2006).

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  In addition, Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

Plaintiff alleges in his Response that Defendants caused him emotional distress, defamation, medical malpractice, and one or more HIPAA violations.  There is no private cause of action for HIPAA violations, and Plaintiff's state law claims are not properly brought in a § 1983 action.  Plaintiff's Response fails to address the deficiencies set forth in the MOSC.  Plaintiff continues to assert claims against Core-Civic and its employee, continues to assert a HIPAA

3

violation, and fails to allege a physical injury. Plaintiff has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated March 4, 2021, in Topeka, Kansas.**

> <u>S/ Sam A. Crow</u>
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**